UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARWAIN MCDOWELL,

        Petitioner,               Case Number: 06-CV-14079

v.                                    HON. VICTORIA A. ROBERTS

CINDI S. CURTIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

      Petitioner Darwain McDowell has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions for second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. For the reasons set forth below, the Court denies the petition.

**I.**

      Petitioner's convictions arise from the shooting death of Brian Smith on October 3, 2003. Chevonne Knox testified that she had known Petitioner and Smith for a long period of time. On the afternoon of October 3, 2003, she and Smith were walking to a party store when they encountered Petitioner. Smith asked Petitioner when he was going to repay ten dollars he owed to Smith. The conversation became somewhat heated, but not to the point where she thought it would turn violent. She and Smith proceeded to the party store. After exiting the party store, they again saw Petitioner. Smith told Knox to ask Petitioner about the money owed Smith. Knox did so and was told by Petitioner that he would have it later in the day. Smith approached

Knox and Petitioner. Smith became agitated. Smith and Knox began walking away. As they were walking, Smith suddenly warned Knox to watch out. Knox testified that she looked over her shoulder and saw Petitioner with a handgun. She heard three or four shots and saw Smith fall to the ground. She then ran.

Dr. Leigh Hlavaty, an assistant medical examiner for the Wayne County Medical Examiner's Office, testified that he performed an autopsy on Brian Smith on October 4, 2003. Dr. Hlavaty testified that Smith died as the result of two gunshot wounds, one to the back of the head and one to the left back.

Petitioner did not testify in his own defense.

## II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder, felon in possession, and felony firearm. On May 3, 2004, he was sentenced to twenty to sixty years' imprisonment for the murder conviction, one-and-a-half to five years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

    I.    The trial judge acted improperly by not allowing the defense to present evidence that other people had motives to kill the deceased.

    II.    The trial judge's refusal to allow the defense to present evidence of other persons' motives to kill the deceased violated the defendant's rights to due process and to defend at trial, and was contrary to clearly established federal law, as determined by the Supreme Court.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. McDowell*,

No. 255813 (Mich. Ct. App. Nov. 22, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. McDowell*, No. 130282 (Mich. June 26, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus. Petitioner raises the same claims raised on direct review.

### III.

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v.*

*Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## IV.

Petitioner's claims for habeas corpus relief arise from the argument that the trial court erred in barring him from admitting testimony that other individuals had a motive to shoot the victim. Petitioner argues that the limitations placed on his ability to present evidence deprived him of his right to present a defense.

The right of a defendant to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. State*, 388 U.S. 14, 19 (1967). It is one of the "minimum essentials of a fair trial." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). The Supreme Court has described the "most basic ingredients of due process of law" as follows:

> "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense -- a right to his day in court -- are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel."

*Washington v. Texas*, 388 U.S. 14, 18 (1967) (emphasis supplied), *quoting In re Oliver*, 333 U.S. 257 (1948).

Further, the Supreme Court described the right to present a defense as follows:

> The right to offer testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Id.*

This Court recognizes that, while the right to present a defense is a fundamental tenet of

due process, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). Indeed, "[a] defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id.* (internal quotations omitted). However, the exclusion of evidence is unconstitutional where it "infringe[s] upon a weighty interest of the accused." *Id., citing Rock v. Arkansas*, 483 U.S. 44, 58 (1987); *see also Chambers v. Mississippi*, 410 U.S. 283, 302 (1973); *Washington v. Texas*, 388 U.S. 14, 22-23 (1967). Because criminal defendants are guaranteed a "meaningful opportunity to present a complete defense," courts cannot exclude defense evidence under evidentiary rules that "serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote." *Holmes v. South Carolina*, 547 U.S. 319, 325-26 (2006).

In determining whether the exclusion of evidence infringes upon a weighty interest of the accused, the court's role is not to determine whether the excluded evidence would have caused the jury to reach a different result. *Davis v. Alaska*, 415 U.S. 300, 317 (1973). Instead, the question is whether the defendant was afforded "'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), *quoting California v. Trombetta*, 467 U.S. 479, 485 (1984). The prosecutor's case must "encounter and 'survive the crucible of meaningful adversarial testing.'" *Id.* at 690-691 (1984), *quoting United States v. Cronic*, 466 U.S. 648, 656 (1984).

Petitioner sought to introduce testimony from several witnesses as to the victim's general reputation for aggression, in an attempt to show that others had a motive to shoot him. Defense counsel asked witnesses Kirk Jackson and James Jackson whether they had observed Smith

being aggressive toward others. An objection to these questions on the basis of relevance was sustained. The trial judge also sustained objections to questions posed to the victim's ex-wife regarding whether Smith had beaten her, whether she had previously shot at him, and whether he had an alcohol problem.

In *Holmes v. South Carolina*, 547 U.S. 319, 325-26 (2006), the Supreme Court considered a state court's exclusion of evidence incriminating an individual other than the defendant in the crime. The petitioner sought to introduce the testimony of several witnesses who placed another man in the victim's neighborhood on the morning of the assault and four other witnesses who testified that this other man either acknowledged that the petitioner was innocent or admitted to committing the crimes. The South Carolina Supreme Court upheld the trial court's exclusion of this evidence because the strength of the prosecution's forensic evidence meant, in its view, that the proffered third-party culpability evidence did not raise a reasonable inference as to Holmes' innocence. The Supreme Court noted that "[w]hile the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* at 326-27. The Supreme Court reversed the South Carolina Supreme Court's decision affirming defendant's murder conviction, concluding that "no logical conclusion can be reached" regarding the strength of the defense evidence if a court evaluates only the prosecution's evidence in determining the admissibility of defense evidence. *Id* at 331. As an example of "well-established" rules of evidence permitting the exclusion of evidence, the

Supreme Court cited the "widely accepted" rules regulating the admission of evidence proffered by criminal defendants to show that someone else committed the crime with which they are charged. *Id.* at 327.

This case is clearly distinguishable from *Holmes*. In *Holmes* there was powerful evidence of third-party guilt for the offense at issue. In this case, there was no evidence of third-party guilt other than vague speculation. The fact that some witnesses may have been able to testify that the victim was known to be aggressive does not suggest beyond speculation that someone other than Petitioner committed the murder. Petitioner never presented the defense of self-defense or defense of others such that his knowledge of the victim's aggressive nature would have been relevant. "Evidence that a defendant knew of a victim's violent acts or reputation would be relevant to show a state of mind consistent with self-defense, and proof of the victim's violent character – regardless of the defendant's knowledge – would be relevant to show that the victim acted in conformity." *Allen v. Howes*, __ F. Supp. 2d __, 2009 WL 483206, *13 (E.D. Mich. Feb. 25, 2009) (Lawson, J.), *citing People v. Harris*, 458 Mich. 310, 314-20, 583 N.W.2d 680, 683-85 (1998). Neither self-defense nor defense of others was argued at trial, therefore, exclusion of the challenged evidence did not deprive Petitioner of his right to present a defense.

It was neither contrary to nor an unreasonable application of clearly established federal law for the Michigan state courts to conclude that it was constitutionally permissible to exclude testimony speculating about the victim's reputation for aggressiveness or the speculative testimony that others might have a motive for murder. Therefore, habeas relief is denied.

V.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

VI.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 23, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Darwain McDowell by electronic means or U.S. Mail on April 23, 2009.

s/Carol A. Pinegar
Deputy Clerk

---